JANE B. STRANCH, Circuit Judge,
concurring.
The facts of this case allow for resolution of the standing issue without a lengthy review of standing doctrine as it applies to procedural rights. Still, there is value in providing some explanation of the governing principles, and I concur to trace a bit of that law. Injury, causation, and redressability are the basic requirements; but first, context.
Here, the Department of Energy wants to give Frontier $100 million to build an ethanol plant. Klein lives by the proposed plant location and has a compromised immune system. The plant will pollute the air. NEPA requires that the Department ask specifically how that pollution will affect the environment and then share its answers with the public, including Klein. The Department cannot spend its $100 million unless it complies with NEPA.
Three principles should guide any analysis of whether a plaintiff has standing to assert a violation of procedural rights under NEPA. First: “Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.” Massachusetts v. EPA, 549 U.S. 497, 516, 127 S.Ct. 1438, 167 L.Ed.2d 248 (2007) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (Kennedy, J., concurring in part and concurring in the judgment)); see also Warth v. Seldin, 422 U.S. 490, 500, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (“The ... injury required by Art. Ill may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing.” (internal quotation marks omitted)). Second: “Congress has presumptively determined that the failure to comply with [NEPA] has detrimental consequences for the environment,” Save Our Cumberland Mountains v. Kempthome, 453 F.3d 334, 347 (6th Cir.2006) (internal quotation marks omitted), and “countless lawsuits in which [the courts] upheld a plaintiffs standing were predicated on [the] understanding” that an agency may be persuaded to alter a project if, by complying with NEPA, “its eyes are open[ed] to the environmental consequences of its actions,” Lemon v. Geren, 514 F.3d 1312, 1315 (D.C.Cir.2008). And third: the injury, causation, and redressa-bility requirements exist primarily to prevent a court from rendering an advisory opinion, from depriving an injured party of her day in court, and, most importantly, from assuming the powers of the executive or the legislature. Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 473-74, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982); see also Hein v. Freedom from Religion Found., 551 U.S. 587, 616, 127 *586 S.Ct. 2553, 168 L.Ed.2d 424 (2007) (Kennedy, J., concurring). Courts must take care to apply standing doctrine in a manner that effectuates its undergirding purposes.
These principles explain why the procedural rights NEPA provides are termed “special.” Lujan, 504 U.S. at 573 n. 7, 112 S.Ct. 2130. In a NEPA case, “[t]he injury-in-fact is increased risk of environmental harm stemming from the agency’s allegedly uninformed decision-making.” Sierra Club v. U.S. Army Corps of Eng’rs, 446 F.3d 808, 816 (8th Cir.2006); see also Sierra Club v. U.S. Army Corps of Eng’rs, 645 F.3d 978, 995 (8th Cir.2011) (quoting Sierra Club v. Marsh, 872 F.2d 497, 504 (1st Cir.1989)). Under our precedent, the injury-in-fact requirement is therefore satisfied if a plaintiff has a concrete interest that is protected by NEPA, the concrete interest is threatened by government action, and the government allegedly violated NEPA. Friends of Tims Ford v. Tenn. Valley Auth., 585 F.3d 955, 968 (6th Cir.2009). And it is nearly self-evident that the NEPA plaintiffs procedural injury is “fairly traceable” to the government. See Ouachita Watch League v. Jacobs, 463 F.3d 1163, 1173 (11th Cir.2006) (“[T]he plaintiffs were harmed when their procedural rights under NEPA were violated. Since the Forest Service (according to Ouachita) failed to follow NEPA, it is clear that the Forest Service caused Ouachita’s alleged injury. That is the extent of Oua-chita’s burden to establish causation.”). Redressability is similarly straightforward: “When a litigant is vested with a procedural right, that litigant has standing if there is some possibility that the requested relief will prompt the injury-causing party to reconsider the decision that allegedly harmed the litigant.” Massachusetts, 549 U.S. at 516, 127 S.Ct. 1438 (emphasis added). NEPA compliance presumptively reduces the threat of environmental harm by increasing the chance that the government will modify — even slightly — its actions if it understands the nature and magnitude of that harm, see Lemon, 514 F.3d at 1315, and that is all the redressability prong requires, see Massachusetts, 549 U.S. at 516, 127 S.Ct. 1438; see also Consumer Data Indus. Ass’n v. King, 678 F.3d 898, 903 (10th Cir.2012) (“a favorable decision would relieve their problem ‘to some extent,’ which is all [the redressibility prong] requires”); City of Dania Beach, Fla. v. FAA, 485 F.3d 1181, 1186 (D.C.Cir.2007).
NEPA and the Administrative Procedure Act therefore afford Klein a procedural right that protects his concrete interests — here, his health, which will be threatened by pollution from the ethanol plant. See Nulankeyutmonen Nkihtaqmikon v. Impson, 503 F.3d 18, 28 (1st Cir.2007); Lujan, 504 U.S. at 573 n. 8, 112 S.Ct. 2130. If the Department’s study was inadequate under NEPA then Klein’s procedural right was violated and he has suffered an injury. Friends of Tims Ford, 585 F.3d at 968 (quoting Ouachita Watch League, 463 F.3d at 1171); See also, Wright v. O’Day, 706 F.3d 769, 771-72 (6th Cir.2013); Dismas Charities, Inc. v. U.S. Dep’t of Justice, 401 F.3d 666, 677-78 (6th Cir.2005). This injury is directly traceable to the Department. Comm. to Save the Rio Hondo v. Lucero, 102 F.3d 445, 452 (10th Cir.1996); see also Impson, 503 F.3d at 28. It is precisely the type of injury a court can redress: If Klein wins the suit, a court will declare that the Department has violated Klein’s procedural right and order it to comply with NEPA. See Massachusetts, 549 U.S. at 517-18 & 525-26, 127 S.Ct. 1438. And there is unquestionably “some possibility” that the court’s order might cause the Department to include modifications to the project, even slight ones, that will “to some extent” reduce the air pollution that threatens Klein’s health — just as it has already done by *587 requiring Frontier to use a biomass boiler instead of six natural gas boilers. Id.; see also Consumer Data Indus. Ass’n, 678 F.3d at 903.
Taking jurisdiction over this controversy- — -where the government has partnered with a private party by providing $100 million to fund a project — comports with the principles that underlie the doctrine of standing. Giving Klein a chance to protect his health by vindicating his NEPA rights will not “usurp the powers of the political branches,” Clapper v. Amnesty Int’l USA — U.S. -, 133 S.Ct. 1138, 1147, 185 L.Ed.2d 264 (2013), will not sap “the vitality of the adversarial process” and turn the judiciary into a “rarified ... debating society,” Massachusetts, 549 U.S. at 517, 127 S.Ct. 1438 (quoting Lujan, 504 U.S. at 581, 112 S.Ct. 2130 (Kennedy, J., concurring in part and concurring in the judgment)), and will not allow mere bystanders — persons “trivially or not at all harmed by the wrong complained of,” Am. Bottom Conservancy v. U.S. Army Corps of Eng’rs, 650 F.3d 652, 656 (7th Cir.2011) — to deprive “those persons likely to be most directly affected by a judicial order” of their day in court, Valley Forge Christian Coll., 454 U.S. at 473, 102 S.Ct. 752. Klein’s case — litigation brought by an individual whose health is threatened by pollution from a government-funded project allegedly proceeding in violation of the National Environmental Policy Act — -raises none of these concerns; it is a “case” or “controversy” to which the judicial power “shall extend.” U.S. Const, art. Ill, § 2. Klein has standing to sue.